ACCEPTED
14-14-00410-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/1/2015 10:55:37 AM
CHRISTOPHER PRINE
CLERK

**CAUSE NO. 14-14-00410-CV**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/1/2015 10:55:37 AM
CHRISTOPHER A. PRINE
Clerk

**IN THE FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS**

# RESPONSE TO APPELLANT'S APRIL 20, 2015 MOTION

**DOV AVNI KAMINETZKY v. DOSOHS I, LTD.**

**The 11th District Court, Harris County, Texas
The Honorable Mike Miller, Presiding
Cause Number 1997-40590**

ERIC D. SHERER
Texas Bar No. 18237890
NICHOLAS A. PARMA
*Attorney in Charge of Appeal*
Texas Bar No.  24007807
JASON A. WILKES
Texas Bar No.  24093368
Wurzbach Road, 11120, Suite 300
San Antonio, Texas  78230
Tel. (210) 696-6645
Fax. (866) 305-5823

SHERER & ASSOCIATES, PLLC

**COUNSEL FOR APPELLEE
DOSOHS I, LTD.**

**TO THE HONORABLE COURT OF APPEALS:**

Appellee, Dosohs I, Ltd. files this Response to a Motion filed by Appellant by mail on April 10, 2014.

## I.
## Introduction

Appellant was ordered to file a supplemental brief no later than April 10, 2015, the latest briefing deadline after several extensions. Rather than file a brief, Appellant has filed a motion seeking to abate this appeal.

## II.
## Background

The trial court decision being challenged by Appellant was issued over one year ago, on March 31, 2014. Appellant's brief was originally due on October 13, 2014. Since then Appellant's deadline has been extended several times, either on Appellant's motion or *sua sponte*.

Appellant has not filed a brief in this appeal. On February 18, 2015, six days after the briefing deadline in place at that time, Appellant filed a collection of materials, labelled "Appellant's 1st Supplemental Response and Objections to 2-12-15 Deadline to File Brief." This filing was charitably treated by the Court as a brief, although it does not meet the requirements of Texas Rule of Appellate Procedure 38. Subsequently, Appellant was ordered to file a supplemental brief no later than April 10, 2015, correcting the deficiencies in the February 18 filing.

Appellant has, yet again, chosen not to meet his obligation to file a brief in this case. Instead, Appellant has filed an unverified motion designed solely to delay the conclusion of this case.

## III.
## Argument and Authority

### A. Appellant's Motion Lacks the Required Verification

A motion in the court of appeals must be verified or be supported by other satisfactory evidence, if it depends on facts that require proof not in the record, not within the court's knowledge in its official capacity, and not within the personal knowledge of the attorney signing the motion. TEX. R. APP. P. 10.2. The motion filed by Appellant is such a motion.

Appellant claims that his prosecution of this appeal involved searching for records in Israel, followed by research into the records in various cases not part of this appeal, hampered by the alleged actions of a conspiracy that sought to burden him with coordinated legal attacks. Under Rule 10.2, these "facts" require proof outside the record and are not within this Court's knowledge. Further, there is no attorney signing the motion. Appellant should not be able to delay this appeal by simply making unsupported accusations—he should be required to support his claims with some evidence, or make his accusations under oath, subject to penalty of prejury.

**B. Appellant Has Shown No Cause for Abatement**

Appellant complains, without cite to the record, that the trial court did not issue findings of fact and conclusions of law. Appellant should have raised this issue to the Court sooner, or addressed it in a brief. This appeal was opened by this Court on May 28, 2014, yet it is only now, nearly one year later, that Appellant seeks to abate the appeal for an error that, if it exists, was known to Appellant from the beginning of his appeal. The only explanation for Appellant waiting as long as he has is that he is, again, attempting to delay the resolution of this appeal.

**C. Miscellaneous Issue Raised by Appellant does not Justify Abatement**

Although Appellee does not understand how the complaint made by Appellant in his motion about consolidation can justify abatement, Appellee, in an abundance of caution, addresses this matter. Appellant appears to be complaining about a consolidation of a case, or cases, into the trial court cause of action. Appellant does not attach the actual consolidation order, although it might be contained in some of the mass of documents Appellant filed in his purported supplements to the record. However, Appellant does attach the motion to consolidate, which clearly shows that he was one of the parties filing the motion to consolidate. It is axiomatic that a party cannot complain on appeal of an action it sought at trial court. Whether consolidation can justify abatement, Appellant cannot rely on that ground, since he sought the consolidation.

## IV.
## Conclusion

Appellant, once again, has ignored his briefing deadline. Rather than file a supplemental brief on April 10, 2014, Appellant waited until April 20 to file a motion seeking to further delay the outcome of this appeal. This Court has repeatedly offered Appellant an opportunity to present his case, and Appellant has just as repeatedly disregarded this Court's forbearance. This Court should deny Appellant's latest motion, and dismiss this appeal for want of prosecution.

Respectfully submitted,

Sherer & Associates, PLLC

By: _____/s/ *Nicholas A. Parma*_____

ERIC D. SHERER
Texas Bar No. 18237890
NICHOLAS A. PARMA
Texas Bar No. 24007807
JASON D. WILKES
Texas Bar No. 24093368
11120 Wurzbach Road, Suite 300
San Antonio, Texas 78230
Tel. (210) 696-6645
Fax. (866) 305-5823

## Certificate of Service

I certify that on May 1, 2015, the foregoing document was served on the Appellant by certified mail, return receipt request at the following address:

Dov A. Kaminetzky
150-B Forest Drive
Jericho, NY 11753

_____
/s/ *Nicholas A. Parma*
Nicholas A. Parma